UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID BARNEY, JR.                                                                                          PLAINTIFF

V.                                                                            CIVIL ACTION NO. 3:13-cv-611-LRA

TYRONE LEWIS, ET AL.                                                                                DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss [26] filed by Defendants. Having considered the entire record in this matter, the Court finds that the motion is well-taken and should be granted.

### I. Background

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections (MDOC), who is proceeding *pro se* in this litigation. Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at the Hinds County Detention Facility (HCDF). Specifically, Plaintiff alleges that while he was housed at the HCDF[1] as a pretrial detainee, he was subjected to unsafe, unsanitary and abusive conditions. [1]. In his Complaint, Plaintiff references remaining in shackles for twenty (20) hours in a holding tank, not being allowed to take a shower for several days, lack of a sleeping mat for his bunk, lack of lighting, malfunctioning cell doors, a lack of recreational/exercise time, and a lack of medical care. *Id.*

---

[1]Plaintiff is currently housed at the South Mississippi Correctional Institute in Leakesville, Mississippi.

The Court held an omnibus or *Spears* hearing in this matter on April 9, 2014, at which Plaintiff was afforded the opportunity to fully explain his claim.[2]  At the hearing, all parties consented to the undersigned deciding this case in its entirety.  [36].  28 U.S.C. § 636.  As the Court noted in its Omnibus Order [38], Plaintiff provided sworn testimony at the hearing during which he further described his claims in this lawsuit:

> According to Plaintiff, he was housed in a a dirty cell for nine months. There was no lighting in the cell and it was filled with bacteria, mildew and feces. Live wiring was exposed, creating a dangerous condition. The showers were contaminated with mildew, sewage, and mold. Jail officials would not give the inmates cleaning supplies so they could clean the cells themselves. On one occasion only, Deputy Thomas saw how nasty the cells were and brought cleaning supplies to the zone and pod for the inmates to use to clean. Otherwise, the warden and housing deputies did nothing. Sheriff Lewis visited the jail and knew about the poor conditions. He did nothing. Deputies told Plaintiff they would go to Sheriff Lewis and report complaints of the conditions, but he did nothing.
>
> According to Plaintiff, he was injured because he had headaches due to the mold.  He also suffered from depression due to the conditions and received medication for it. His blood pressure increased as a result of the conditions, but officials refused to let him be evaluated by a physician. According to Plaintiff, he had no shoes when he was arrested, and the medical department was supposed to help him get shoes, or help his family get him shoes. He had filed a complaint with Floyd Brown to get orthopedic shoes.

[38] at 2.

Prior to the omnibus hearing, Defendants moved to dismiss several of Plaintiff's claims for failure to exhaust applicable administrative remedies. [26].  At the hearing, Plaintiff testified that he did submit a grievance regarding the issues raised in the complaint, but that it was never answered.  Plaintiff claimed that he met with the HCDF grievance officer regarding his

---

[2]*See Spears v. McCotter*, 766 F.2d 179, 180 (5th Cir. 1985).

complaints. With respect to copies of his grievance(s), Plaintiff stated that his paperwork, including proof of exhaustion, was taken during a prison riot.

## II. Exhaustion

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.* Moreover, exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In support of their motion, Defendants filed copies of the Hinds County Sheriff's Department Inmate Handbook [26-1], the Hinds County Sheriff's Department Detention Facility Prisoner Grievance Procedures [26-2], and the affidavit of Sheila McMillian, records custodian, with a copy of Plaintiff's grievance records attached. [26-3]. According to the records, Plaintiff

submitted a grievance requesting the return of his personal property dated June 13, 2013. [26-3] at 2.  That grievance was date stamped received by the grievance officer on June 17, 2013.  *Id.*  At the bottom of the grievance, a response is provided and dated June 27, 2013.  *Id.*  Plaintiff next submitted a grievance concerning food portions and calories dated September 9, 2013. [26-3] at 3.  That grievance was stamped as received on September 11, 2013, and the response to the grievance, found on the bottom of the grievance form, is dated September 23, 2013.  *Id.*  Plaintiff also submitted a grievance dated September 25, 2013, alleging that he had been to a doctor and, because of a foot condition, needed his shoes from property. [26-3] at 5.  The grievance file includes a response to that grievance dated October 21, 2013, [26-3] at 6, as well as a receipt reflecting that Plaintiff received the response on November 7, 2013. [26-3] at 4.  Finally, the grievance file includes a copy of a grievance dated December 5, 2013, referencing several complaints. [26-3] at 10.  In that grievance Plaintiff indicates that he has not received responses to grievances concerning his need for a low salt diet, his legal mail being opened and "also a grievance on certain conditions . . . ." *Id.*  The response to the grievance indicates that the grievance is rejected because it addresses several issues.  The response also indicates that every grievance Plaintiff had filed had been answered.  *Id.*  The response also references the grievance officer's meeting with Plaintiff regarding his low salt diet request.  *Id.*

  Plaintiff's Complaint in this Court was filed by the Clerk of this Court on September 30, 2013, though it was signed by Plaintiff on September 22, 2013.  [1].  Ordinarily, a prisoner's legal work is deemed filed on the day it is presented to prison officials for mailing to the federal district court.  *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).  Applying that rule to this case,

Plaintiff's filing date for this lawsuit would presumably be September 22, 2013, despite the September 30, 2013, file date stamp.

Having reviewed the record, the Court finds that Plaintiff has failed to exhaust available administrative remedies with respect to any claims **not** covered by the four written grievances discussed *supra*. Additionally, Plaintiff has failed to exhaust with respect to any claims referenced in the grievances dated September 25, 2013 (return of shoes), and December 5, 2013 (low salt diet, legal mail tampering, and "certain conditions"), as the law is clear that exhaustion during a pending lawsuit is not sufficient. As the *Gonzalez* Court noted:

> ... District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

Even giving Plaintiff the benefit of the doubt with respect to the September 9, 2013, grievance since the response thereto was received September 23, 2013, one day after the complaint in this case was signed but seven days before the complaint was filed by the clerk of the court, the subject of that grievance--portion size/calories--is not at issue in this case. Likewise, the return of Plaintiff's personal property, which is the subject of the June 13, 2013, grievance, is not before the Court as it is not listed as a claim in the complaint in this case. Plaintiff did not submit a grievance seeking the return of his shoes in particular due to a medical problem until September 25, 2013, and did not receive a response until November 7, 2013, well after this lawsuit was filed. The reference to prior grievances concerning "certain conditions" in the December 5, 2013, grievance is not a sufficient basis upon which the Court could conclude

5

that HCDF had an opportunity to address Plaintiff's complaints regarding unspecified conditions which might have been some of those covered by the complaint in this matter.

Plaintiff simply did not bring suit with respect to any matter covered by his exhausted grievances. Though Defendants' motion seeks only partial summary judgment based on exhaustion,[3] the Court finds no raised but exhausted claims upon which to proceed. Plaintiff's complaint must be dismissed without prejudice for failure to exhaust administrative remedies.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that:

Defendants' Motion [26] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice, and a separate Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 15th day of September, 2014.

    /s/ Linda R. Anderson
    UNITED STATES MAGISTRATE JUDGE

---

[3] Though Defendants state in their memorandum that Plaintiff filed grievances before suit regarding personal property, food and need for orthopedic shoes [27] at 4, they do not address the specific dates of the grievances and responses, or whether the subject of the grievances was actually raised in the complaint in this case.